**WO**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aubrey Gayle Padgett,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>　　　　Defendants. | No. CV 07-2457-PHX-MHM (MEA)<br><br>**ORDER** |

Plaintiff Aubrey Gayle Padgett, who is confined in the Towers Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1] The Court will order Defendant Garcia to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.　　Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a

---

[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

1 separate Order requiring the appropriate government agency to collect and forward the fees
2 according to the statutory formula.

3 **II.     Statutory Screening of Prisoner Complaints**

4 The Court is required to screen complaints brought by prisoners seeking relief against
5 a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.
6 § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
7 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
8 be granted, or that seek monetary relief from a defendant who is immune from such relief.
9 28 U.S.C. § 1915A(b)(1), (2).

10 **III.    Complaint**

11 Plaintiff alleges three counts in this Complaint for excessive use of force, deprivation
12 of property without due process, and cruel and unusual punishment. Plaintiff sues Maricopa
13 County Sheriff Joseph M. Arpaio and Maricopa County Detention Officer Garcia and
14 Lieutenant Kenevil. Plaintiff seeks compensatory and injunctive relief.

15 Plaintiff alleges the following facts: On November 15, 2007, at approximately 11:45
16 p.m., Plaintiff was being prepared for transport to court. Officer Garcia asked Plaintiff
17 whether he was proceeding *pro per* in his court case due to the volume of materials that he
18 was holding. Plaintiff told Garcia that he would be proceeding *pro per* effective the next day
19 and that he needed his paperwork for the court proceeding on November 16, 2007. Raising
20 his voice, Garcia told Plaintiff that he could not take his paperwork with him to court. When
21 Plaintiff attempted to explain to Garcia the importance of having his paperwork in court,
22 Garcia began yelling at Plaintiff and demanded that Plaintiff give the papers to him. Garcia
23 and two other officers then began jerking Plaintiff by his handcuffs and shirt violently in
24 order to take the papers from him, resulting in bruises that lasted more than a week. Plaintiff
25 yelled for a sergeant or lieutenant to "get some protection from the officers assult [sic]."
26 Lieutenant Kenevil, who was in charge, appeared and made the officers stop "ass[a]ulting"
27 Plaintiff, but would not listen to his reasons for needing the paperwork. Instead, she asked
28 for Plaintiff's cell assignment, which he provided. When Plaintiff returned from court, his

TERMPSREF
- 2 -

1  papers had obviously been searched and left in disarray on his bunk. Plaintiff contends that
2  he had "very case sensitive materials in these important files."
3  **IV.    Failure to State a Claim**
4        To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
5  conduct about which he complains was committed by a person acting under the color of state
6  law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
7  Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a "'plaintiff generally must assert his
8  own legal rights and interests, and cannot assert the legal rights or interests of third parties.'"
9  Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 610 (9th Cir. 2005) (quoting
10 Warth v. Seldin, 422 U.S. 490, 499 (1975)). In addition, a plaintiff must allege that he
11 suffered a specific injury as a result of the conduct of a particular defendant and he must
12 allege an affirmative link between the injury and the conduct of that defendant. Rizzo v.
13 Goode, 423 U.S. 362, 371-72, 377 (1976).
14       **A.    Sheriff Arpaio**
15       Although Sheriff Arpaio may properly be sued for constitutional violations, Plaintiff
16 fails to state a claim against him. "A plaintiff must allege facts, not simply conclusions, that
17 show that an individual was personally involved in the deprivation of his civil rights."
18 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual to be liable in
19 his official capacity, a plaintiff must allege that the official acted as a result of a policy,
20 practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir.
21 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's
22 position as the supervisor of someone who allegedly violated a plaintiff's constitutional
23 rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978);
24 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity,
25 "is only liable for constitutional violations of his subordinates if the supervisor participated
26 in or directed the violations, or knew of the violations and failed to act to prevent them."
27 Taylor, 880 F.2d at 1045.
28       Plaintiff has not alleged that Arpaio enacted or enforced a policy, custom, or practice

1  that resulted in the denial of Plaintiff's constitutional rights. Further, Plaintiff has not alleged
2  that Arpaio directly violated his constitutional rights or that he was aware that Plaintiff's
3  rights were being violated but failed to act. Thus, Plaintiff fails to state a claim against
4  Arpaio in his Complaint.

### B. Count II

In Count II, Plaintiff alleges that he was deprived of property without due process, apparently referring to the temporary loss of access to his paperwork. Even assuming that Plaintiff adequately alleged a deprivation of property, he fails to state a claim. Where the state makes a meaningful post-deprivation remedy available, neither a negligent, nor an intentional, deprivation of an inmate's property by a state employee violates the inmate's Fourteenth Amendment right to due process. Parratt v. Taylor, 451 U.S. 527, 541 (1981) (negligent); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional). The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy. Hudson, 468 U.S. at 534-35. Because Plaintiff has an available common-law tort remedy against a state employee who deprives him of property, he may not sue under § 1983 for violation of his due process rights. This count and Defendant Kenevil will be dismissed.

### C. Count III

In Count III, Plaintiff alleges violation of his Eighth Amendment rights against cruel and unusual punishment based on the same conduct alleged in Count I. This Count will be dismissed as duplicative of Count I.

## V. Claims for Which an Answer Will be Required

Plaintiff sufficiently states a claim in Count I for excessive use of force against him by Officer Garcia. A response will be required.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result

in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Counts II and III and Defendants Arpaio and Kenevil are **dismissed** without prejudice.

(4)     Defendant Garcia must answer Count I.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Garcia.  (Doc.# 1.)

1    (6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

   (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

1     (10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

    (11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

    (12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

    (13) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 4th day of February, 2008.

_____
Mary H. Murguia
United States District Judge