**WO**                                                                                                          KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aubrey Gayle Padgett, ) | No. CV 07-2457-PHX-MHM (MEA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph M. Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Aubrey Gayle Padgett, who was confined in the Maricopa County Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 against Defendants Arpaio, Garcia, and Kenevil. On February 5, 2008, the Court issued a screening order dismissing Defendants Arpaio and Kenevil and requiring Defendant Garcia to answer Count II of the Complaint.

Pending before the Court is Defendant Garcia's Motion for Summary Judgment (Doc. #35). The Court will grant the Motion for Summary Judgment and dismiss this action with prejudice.

**I.     Factual Background**

Plaintiff was arrested and booked into the Maricopa County Jail on April 23, 2007. (Def.'s Statement of Facts ("DSOF") at ¶1.) On November 15, 2007, Plaintiff, along with other inmates, was preparing to be transported to court when Defendant Garcia approached Plaintiff. Plaintiff was carrying a stack of papers approximately four inches thick. (Pl.'s

1 Dep.[1] at 7.) Defendant Garcia asked Plaintiff if he was "pro per" to which Plaintiff
2 responded, that he "would in fact be pro per status as of 11/16/07 and [he] needed all [of his]
3 papers, case law, and personal notes in court." (Compl. at 3.) After checking paperwork,
4 Defendant Garcia determined that Plaintiff was not, at that time, pro per. (DSOF at ¶21.)
5 Defendant Garcia informed Plaintiff that he could not take all of the paperwork with him to
6 court. (DSOF at ¶22, Compl. at 3.) Plaintiff states that he tried to explain to Defendant
7 Garcia that he needed the papers for court. (Comp. at 3.) Defendant Garcia states that at this
8 point Plaintiff was argumentative and refused to hand over the paperwork. (DSOF at ¶23.)

9 Plaintiff claims that Defendant Garcia yelled at him (Pl.'s Dep. at 8), and then
10 "grabbed [him] by [his] shirt, around the collarbone area . . . and [Defendant] grabbed
11 [Plaintiff] with his right hand and put his left hand on [Plaintiff's] . . . cuffs . . . and started
12 jerking up and down to make [Plaintiff] drop the papers." (Pl.'s Dep. at 10.) Lieutenant
13 Kanavel, another detention officer in the area at the time, then arrived and took Plaintiff's
14 paperwork. Plaintiff states that, as a result of Defendant Garcia's actions, he suffered bruises
15 and still has an indentation on his right arm, above his wrist. (Compl. at 3.; Pl.'s Dep. at 10.)

16 **II. Motion for Summary Judgment**

17     **A. Defendant's Motion**

18 Defendant argues that because Plaintiff had entered a plea of guilty before the incident
19 in question, Plaintiff was a convicted inmate, not a pretrial detainee. (Mot. for Summ. J.
20 ("MSJ") at 2.) Accordingly, Defendant asserts that the Eighth, rather than the Fourth,
21 Amendment standard is applicable. Under the Eighth Amendment standard, Defendant
22 argues, "the use of force does not violate the Eighth Amendment if it is applied in a good
23 faith effort to restore discipline and order and not 'maliciously and sadistically for the very
24 purpose of causing harm.'" (Id., quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).

---

27 [1]Plaintiff's Deposition is contained in Exhibit 1 to Defendant's Statement of Facts
28 (Doc. #36.) All page numbers refer to the page numbers as indicated by the electronic case filing headers at the top of the document.

1 Defendant contends that his actions were not malicious or sadistic and that it was only
2 after Plaintiff "became argumentative and refused to relinquish the documents" that
3 Defendant placed his open left hand on Plaintiff's right shoulder blade and then grabbed
4 Plaintiff's shirt collar after Plaintiff attempted to shrug off Defendant's hand. (MSJ at 3.)
5 Even assuming Plaintiff's allegations that Defendant grabbed Plaintiff's handcuffs and jerked
6 them up and down were true, Defendant contends that this does not constitute an excessive
7 use of force. Defendant concludes that there is "no evidence that Officer Garcia acted with
8 any motivation other than restoring order and requiring Plaintiff's compliance with the
9 request to relinquish his excess legal paper work." (Id. at 2.)

10 Finally, Defendant argues that Plaintiff is not entitled to money damages because
11 Plaintiff has failed to satisfy the physical injury requirement of the Prison Litigation Reform
12 Act ("PLRA"), 42 U.S.C. § 1997e(e) as his injuries were no more than *de minimis*. (Id.)
13 Defendants note that Plaintiff did not complain to Lieutenant Kanavel about injuries at the
14 time of the incident, nor did Plaintiff seek medical treatment for his injuries.

15 **B.     Plaintiff's Response**

16 Plaintiff filed a document titled "Plaintiff's Motion to Deny Defendant's Request for
17 Rule 56 Summary Judgment." (Doc. #38) The Court will construe this document as a
18 Response to Defendant's Motion for Summary Judgment.

19 Plaintiff argues that at the time of the incident in question, Defendant Garcia appeared
20 to be angry or in a bad mood and that this raises "substantial issues with respect to Defendant
21 Garcia's c[]ulpable state of mind." (Resp. at 3.) Plaintiff further contends that Defendant's
22 use of force could not have been for the legitimate purpose of maintaining order or security
23 because Plaintiff was "exercising his ability to possess . . . authorized items to be taken to
24 court" and that Defendant acted "without justification or provocation." (Id. at 3-4). Plaintiff
25 finally argues that he suffered embarrassment and humiliation and still has visual evidence
26 of a deep indentation on his right wrist.

27 **C.     Reply**

28 In his Reply, Defendant argues that Plaintiff's "speculation that officer Garcia was

1 angry or in a bad mood during the confrontation . . . does not establish that Officer Garcia
2 was acting maliciously and sadistically" and that Plaintiff has offered no other evidence to
3 support his claims. (Reply at 1.) Defendant also re-asserts his contention that Plaintiff's
4 injuries were *de minimis* and fail to satisfy the physical injury requirement of the PLRA.

**III.   Summary Judgment Standard**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion, and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party who must demonstrate that the fact in contention is material and that the dispute is genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 250 (1986); see Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995). A fact is material if it might affect the outcome of the suit under the governing law. Anderson, 477 U.S. at 248. A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 250. The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Finally, when considering a summary judgment motion, the evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

**IV.   Analysis**

Defendant asserts that prior to the date of the incident at issue, Plaintiff had entered a guilty plea and was therefore a convicted inmate, not a pretrial detainee. See Machibroda

v. United States, 368 U.S. 487 (1962) (a plea of guilty differs from a mere admission of extrajudicial confession and of itself constitutes a conviction and is conclusive). Plaintiff offers no evidence to suggest that he was not a convicted inmate on the date in question.

Accordingly, Plaintiff's allegations are properly considered under the Eighth Amendment excessive force standard. When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive physical force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). The injury suffered by the inmate need not rise to the level of objective seriousness required by other Eighth Amendment claims, but the *force* used must be something more than *de minimis*. Id. at 9-10. The Supreme Court has made it clear that not every use of physical force violates the Eighth Amendment.

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. See Johnson v. Glick, 481 F.2d. at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").
>
> The Eighth Amendment's prohibition of "cruel and unusual punishment" excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

Hudson, 503 U.S. at 9-10 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)).

The evidence, viewed in the light most favorable to Plaintiff, does not demonstrate the excessive use of force by Defendant. Plaintiff's evidence demonstrates that Plaintiff was carrying a four-inch thick stack of papers when Defendant Garcia told Plaintiff that he could not bring all of the papers with him to court and could only take what he needed for that day. (Compl. at 3; Pl.'s Dep. at 7.) Plaintiff attempted to explain his need to take the paperwork with him, thereby refusing Defendant Garcia's order to return some of the paperwork. (Pl.'s Dep. at 7-8.) Defendant Garcia grabbed Plaintiff's shirt collar and jerked Plaintiff's handcuffs up and down. (Compl. at 3; Pl.'s Dep. at 8.) Plaintiff eventually gave the paperwork to Lieutenant Kanavel. (Pl's. Dep. at 10.) Plaintiff sustained bruising and an indentation on his wrists as a result of his handcuffs being jerked up and down. (Compl. at

3; Pl.'s Dep. at 10.)

Plaintiff's evidence shows that Defendant's use of force was *de minimis* and of a sort not "repugnant to conscience of mankind." Plaintiff's facts demonstrate that, at a minimum, Plaintiff and Defendant disagreed about Plaintiff's ability to bring a large amount of paperwork to court with him and that Defendant's actions were precipitated by that disagreement. Although Plaintiff alleges that Defendant appeared to be agitated or angry, (Pl.'s Dep. at 9), Plaintiff offers no evidence suggesting that Defendant acted maliciously and sadistically for the purpose of causing harm. Plaintiff's facts might suggest that Defendant's actions were unnecessary, but they do not support Plaintiff's claim that those actions were unconstitutional.

Accordingly, the Court finds that summary judgment in favor of Defendant is warranted. The Court will grant Defendant's Motion for Summary Judgment and will dismiss the action.

**IT IS ORDERED**:

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Garcia's Motion for Summary Judgment (Doc. #35). All other matters in this action remain with the Magistrate Judge for disposition as appropriate.

(2) Defendants Garcia's Motion for Summary Judgment (Doc. #35) is **granted**.

(3) This action is **dismissed with prejudice** and the Clerk of Court must enter judgment accordingly.

DATED this 21st day of September, 2009.

_____
Mary H. Murguia
United States District Judge